UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JONES,<br><br>            Petitioner,<br><br>   v.<br><br>LUMMI TRIBAL COURT, et. al.,<br><br>            Respondents. | Case No. C12-1761-JLR-BAT<br><br>**REPORT AND RECOMMENDATION ON SHOW CAUSE ORDER** |

On October 9, 2009, petitioner, by counsel, filed a petition for writ of habeas corpus requesting the Court to "quash/vacate" all Lummi Tribal Court child custody orders and to grant petitioner custody of his daughter. *See* Memorandum of law, Dkt. 1, attach. 1 at 2. The habeas petition was submitted pursuant to the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303,[1] and the Revised Code of Washington § 7.36.020. *Id*.

On October 10, 2012, the Court ordered petitioner to show cause why the action should not be dismissed because federal habeas corpus relief under 25 U.S.C. § 1303 is not available to test the validity of child custody orders of an Indian tribal court. Dkt. 3.

In response, petitioner filed a memorandum stating "Petitioner stipulates that this court lacks jurisdiction to adjudicate the merits. However, this court clearly has jurisdiction to adjudicate

---

[1] Petitioner's memorandum of law incorrectly cites 28 U.S.C. § 1303. *See* Memorandum of Law, Dkt. 1, attach. 1 at 1.

REPORT AND RECOMMENDATION ON SHOW
CAUSE ORDER- 1

1    jurisdiction.  Such jurisdiction should be exercised immediately because the four-year-old child

2    has been separated from her primary custodial parent for about a month." Dkt. 6 at 1.  The

3    memorandum concludes "while the Indian Civil Rights Act does not provide *habeas* relief to

4    challenge the merits of a tribal court child custody decision, it *does* provide *habeas* relief to

5    challenge the tribal court's jurisdiction over such a dispute." *Id.* at 6.

6         Habeas relief is neither available to challenge the merits of the tribal court's decision, as

7    petitioner concedes, nor is it available to challenge the tribal court's jurisdiction.  To begin, the

8    case started off on the wrong foot when petitioner filed a  pleading entitled "Petition for Writ of

9    Habeas Corpus" instead of a civil complaint.  Dkt. 1.  By naming the pleading a habeas petition,

10   petitioner was able to pay a filing fee of $5.00.  But this monetary savings created a problem.

11   That problem is the law is quite clear that habeas relief under the ICRA is not available unless

12   the person bringing the petition is "in custody."  As the Court of the Appeals for the Ninth

13   Circuit stated:

14   > Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the
15   > United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The term "detention" in the statute
16   > must be interpreted similarly to the "in custody" requirement in other habeas contexts.  *See Moore v. Nelson*, 270 F.3d 789, 791
17   > (9th Cir. 2001) ("There is no reason to conclude that the requirement of 'detention' set forth in the Indian Civil Rights Act §
18   > 1303 is any more lenient than the requirement of 'custody' set forth in the other habeas statutes." (citation omitted)).  Further,
19   > "[g]iven the often vast gulf between tribal traditions and those with which federal courts are more intimately familiar, the judiciary
20   > should not rush to create causes of action that would intrude on these delicate matters." *Santa Clara Pueblo*, 436 U.S. at 72 n. 32,
21   > 98 S. Ct. 1670.  Therefore, an ICRA habeas petition is only proper when the petitioner is in custody. *Id*. at 791 (explaining the custody
22   > requirement).

23   *Jeffredo v. Maccarro*, 599 F.3d 913, 918 (9th Cir. 2012).  Here petitioner is not "in custody."

REPORT AND RECOMMENDATION ON SHOW
CAUSE ORDER- 2

Rather he is the father of a minor child who challenges Lummi Tribal Court orders temporarily placing his child with a maternal aunt who lives in Bellingham, Washington and not on the Lummi Indian Reservation. *See* Habeas Petition, Dkt. 1 at 5. As such, habeas relief is not available to petitioner and the matter should be dismissed if he persists in prosecuting this matter via a habeas petition.

Additionally, a writ of habeas corpus is not the appropriate means to test the jurisdiction of the tribal court's custody orders. Rather, a challenge to a tribal court's adjudicative authority over non-members is a federal question that would be brought under 28 U.S.C. § 1331. *See e.g.*, *Montana v. United States*, 450 U.S. 544, 565 (1981) (inherent sovereign powers of a tribe do not extend to nonmembers of the tribe); *Plains Commerce Bank v. Long Family Land & Cattle Co. Inc.*, 554 U.S. 316, 324 (2008) (whether tribal court has adjudicative authority over non-members is a federal question).

If the tribal court is found to lack such jurisdiction, any judgment as to the non-member is necessarily null and void. *Id.* This is because federal law defines the outer boundaries of an Indian tribe's power over non-Indians, and the question whether an Indian tribe retains the power to compel a non-Indian to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a federal question under 28 U.S.C. § 1331. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 852 (1985).

Because petitioner claims he is not an Indian, and his daughter is not a Lummi "tribal member," there may be grounds for him to proceed under 28 U.S.C § 1331 which vests the district court jurisdiction over all civil matters arising under the constitution, laws, or treaties of the United States. This of course would require petitioner to file a complaint under 28 U.S.C § 1331, and pay the $350.00 fee required in such cases.

REPORT AND RECOMMENDATION ON SHOW
CAUSE ORDER- 3

Accordingly, the Court recommends:

(1) Petitioner be granted leave to file a civil complaint in conformance with the Federal Rules and stating the grounds upon which this Court has jurisdiction, no later than October 31, 2012; Petitioner should note he must pay the civil filing fee of $350.00 or submit an application to proceed in forma pauperis if he files a civil complaint. Petitioner should also note that this habeas petition will be **STRICKEN** if he files a civil complaint;

(2) If petitioner declines to file a civil complaint, the habeas petition (Dkt. 1) be **DISMISSED** for failure to state a cause upon which relief may be granted;

(3) The Clerk be directed to provide copies of this Report and Recommendation to petitioner, counsel and the Honorable James L. Robart.

Any objections to this Recommendation must be filed no later than **October 29, 2012**; the matter will be ready for the Court's consideration on **November 2, 2012**. Objections and responses shall not ten pages.

DATED this 15th day of October, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON SHOW
CAUSE ORDER- 4